IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STEVEN CHARLOT, PLAINTFF | § § | NO._____ |
| v. | § § | |
| L.D. SMITH, *et. al.*, | § § § | JURY TRIAL DEMANDED |
| DEFENDANTS | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, STEVEN CHARLOT as an individual, sues defendants, L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, Doe No.2, Charles A. McClelland Jr., and the City of Houston.

# PRELIMINARY STATEMENT

This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331 and 28 U.S.C. Section 1367.

This action is for damages arising out of violations of federal law and state torts detailed below in an amount greater than $200,000.

The acts and practice constituting the violation alleged below have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Texas.  In connection with the acts, practice and violations alleged below, DEFENDANTS L.D. Smith,

Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, Doe No.2, Charles A. McClelland Jr., and the City of Houston, have either directly or indirectly violated Plaintiff Steven Charlot's constitutional rights as well as other constitutional grounds, by creating and engaging in a practice of the use of excessive force and/or performance of illegal cavity searches. As a result of the wrongful conduct of the Defendants, which was effected with full knowledge of and callous indifference to the constitutional rights of the Plaintiff, said Plaintiff has suffered irreparable harm of the loss of his constitutional rights to be free, pain and suffering, and all other damages all effected through the acts of Defendants under the color of the law.

## JURISIDICTION

Federal question jurisdiction is proper pursuant to 28 U.S.C. § 1331, 1343 (3), and 1983 as Plaintiff's claims arise out of the deprivation of Plaintiff's rights, privileges and immunities under the Constitution and laws of the United States.  Plaintiff seeks attorneys' fees and costs as prevailing party for these claims pursuant to 28 U.S.C. § 1988.

The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, because each such claim arises from the same controversy and from a common nucleus of operative fact.

Venue in the United States Southern District Court for the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

# PARTIES

1. Steven Charlot is a resident of the county of Harris, State of Texas and the United States of America.

2. At all times referred to herein, L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, and E. Martinez were Police Officers with the Houston Police Department, acting on behalf of the Houston Police Department. The Houston Police Department is employed by the City of Houston, Texas.

3. John Doe No. 1 and John Doe No. 2, whose names and identity remain unknown at this time, were also Officers with the Houston Police Department and employed by the City of Houston.

4. Charles A. McClelland, Jr., herein referred to as "McClellan," was Chief of Police of the Houston Police Department, and as such, he was the commanding officer of Defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, and E. Martinez, and was responsible for the training, supervision, and conduct of defendants [L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez , Doe No. 1, and Doe No. 2, ] as more fully set forth below. Defendant Charles A. McClelland Jr.  is further responsible by law for enforcing the regulations of the State of Texas and for ensuring that City of Houston Officers obey the laws of State of Texas and the United States of America.

5. Defendant, City of Houston, herein referred to as "Houston," is a Municipal Agency,

organized and existing under the laws of the state of Texas.

6. Plaintiff sues all defendants in their individual capacities.

7. At all times referred to herein, defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, Doe No.2, Charles A. McClelland Jr., and the City of Houston acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Texas.

## FACTS

8. Paragraphs 1-7 are set forth above, and are herein incorporated by reference.

9. Paragraphs 8 through 31 include the actions of L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, and Doe No.2 (and are imputed and incorporated with respect to Defendants City of Houston and Mr. Charles McClellan). Paragraphs 8- 31 include the acts of all Defendants in this action.

10. On or about the afternoon of April 20, 2015, Officer F.A. Medina, acting in an undercover capacity, directed Glover and Smith (marked Officers in a marked police cruiser) to a Steven Charlot (herein referred to as "Plaintiff").   Medina claims that he (Medina) saw Plaintiff conducting a narcotics transaction after receiving an anonymous tip that Plaintiff was conducting narcotics transactions.

11. Medina claims that the anonymous tip directed him to a Chevron gas station at 3506 Elgin Street in the Third Ward neighborhood, located in Houston, Texas and that the anonymous

tip stated that the suspect was driving a grey vehicle.

12. Medina came to the location where he claims that he saw the Plaintiff conduct what appeared to be a narcotics transaction, even though Plaintiff remained in his car. Plaintiff left the gas station and Medina followed Plaintiff.

13. Medina claims that Plaintiff failed to signal a turn at the corner of Sampson and Holman, streets located in Houston, Texas and the Third Ward Area neighborhood. Medina alerted Smith and Glover of the alleged traffic infractions and asked that they initiate a traffic stop for *failure to signal*.

14. Smith and Glover did exactly that. Smith and Glover, in a marked police car, pulled over Plaintiff and immediately asked for consent to search his vehicle, to which they claim Plaintiff replied "yes."

15. Officers Glover and Smith allege that they found prescription pills in the vehicle that they claimed did not belong to Plaintiff and arrested Plaintiff for the prescription pills. Officers Smith and Glover radioed an Officer G. Maxwell, who is not a named defendant in this action, to bring his K-9 dog to further search the vehicle. The dog expressed a "hit" on the front-middle console area of the vehicle. The Officers found nothing further in the vehicle.

16. Officers Smith and Glover transported the suspect to the Houston City Jail (Central location). During a search incident to arrest (at the jail) Officer Smith stated that he felt something between Plaintiff's butt cheeks.

17. Officer Smith then requested that a strip search then be performed. The Jailor notified

Sergeant Ford of the Houston City Jail (Central). Next, a jailor performed a quick search of Plaintiff and also said that he felt something between Plaintiff's butt cheeks as well. Jail Sergeant Ford and Sergeant Seales were notified that the Jailor felt something between Plaintiff's butt cheeks as well.

18. Jail Sergeant Ford asked Officer Smith why Officer Smith felt that Plaintiff was hiding contraband. Officer Smith stated that he felt something in between Plaintiff's clenched butt cheeks and that his [Officer Smith] experience and training led him to believe that Plaintiff was hiding contraband.

19. Officer Smith then asked Sergeant Ford and Sergeant Seales for a strip search of Plaintiff and stated that the strip search was authorized by G.O.'s. Sergeant Ford immediately contacted his Lieutenant and had a conversation with his Lieutenant.

20. Sergeant Ford then informed Officer Smith that a strip search WOULD NOT be performed and that Officer Smith needed to see if Plaintiff would remove the object himself or Officer Smith must convince Plaintiff into removing the object himself. Plaintiff was asked to remove the object and Plaintiff argued that there was no object to remove. Sergeant Ford then advised Officer Smith that he was required to transport Plaintiff to a hospital to have a body cavity search performed.

21. Officer Smith then informed Sergeant Ford that he [Officer Smith] was not requesting a cavity search and was only requesting a strip search. Sergeant Ford again, declined to perform a strip search or to have it performed at the jail.

22. Officer Glover and Smith then transported Plaintiff to the Hermann Hospital who

declined to perform the cavity search. Officers Smith and Glover then transported Plaintiff to Ben Taub Hospital where they stated that they would perform the cavity search if a search warrant was provided. Officers Medina and Martinez wrote up a search warrant and traveled to 1200 Franklin, Houston, Texas to get the warrant signed.

19. Dr. Williams of Ben Taub was provided with a search warrant for a cavity search by Officers Medina and Martinez. Dr. Williams performed a rectal exam on Plaintiff. Dr. Williams advised Officer Smith that he could not find anything in the rectum of Plaintiff.

20. Plaintiff was in handcuffs the entire time that the rectal exam took place.

21. Plaintiff was deprived of vital Constitutional Rights guaranteed to him under the law. Plaintiff has the right to be free from unreasonable searches and seizures as well as searches and seizure that are too intrusive given the circumstances. A strip search could have and should have been performed.

22. The cavity search was not performed according to the search and seizure laws of the State of Texas or the United States of America because the force was too excessive given the circumstances.

23. A search is not reasonable where the search more intrusive than is necessary. Force is excessive when it is more force used than necessary under the circumstances.

24. Plaintiff was violated in ways that no person should endure. Plaintiff was illegally cavity searched, and humiliated.

26. The cavity search was not based on consent nor was it based on any reasonable suspicion or probable cause under the law. This excessive use of force, and the search and seizure were highly unreasonable and not made in conformity with the law. Not only was the search and seizure unwarranted and not allowed by law, but the cavity search was use of excessive force.

27. Moreover, the Defendant's actions were in violation of clearly established law regarding the search and seizure of Plaintiff's person, i.e.: the cavity search.

29. Excessive force, and cavity searches, have, for years, required that officers must have reasonable suspicion or individualized probable cause to conduct any lawful search or seizure. The law also states that any force used against a person at the hands of law enforcement cannot be excessive and must be reasonable under the circumstances.

30. Each of the defendants, individually and in concert with the others, acted under pretense and color of law and their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law.

31. Each defendant, individually and in concert with the others, acted willfully, knowingly, and with specific intent to deprive plaintiff of his right to freedom from illegal searches and seizure of his person, papers, and effects, secured to plaintiff by the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1983 and 1988.

## COUNT I

For his cause of action against defendants and L.D. Smith, Sergeant Ford, Sergeant Seales,

M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, Doe No.2 in Count I, plaintiff states:

32. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by defendants, L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez , Doe No. 1, Doe No.2 committed under color of law and under their authority as City of Houston Police Officers, plaintiff suffered grievous bodily harm and was deprived of his right to be secure in her person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

73. As a direct and proximate result of the malicious and outrageous conduct of defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, Doe No.2 as set forth above, plaintiff suffered physical, mental, and emotional injuries and were deprived of his Constitutional rights for which he sues herein. Additionally, plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

74. The acts of defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, and Doe No.2 as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## COUNT II

For his cause of action against defendants McClellan Jr. and The City of Houston, plaintiff

states:

75. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. Prior to the incidents involving plaintiff, McClelland Jr. and The City of Houston had learned of several previous incidents involving defendants wherein these officers had used unreasonable force on others that they had arrested. McClellan Jr. took no action to discipline defendants or to order them not to repeat such incidents, thus tacitly authorizing such conduct. If McClellan Jr. had taken such remedial action, the beating of plaintiff would not have occurred.

77. The City of Houston is endowed with the authority to make policy for the Houston Police Department on the use of force in making arrests. McClelland Jr. was aware of a pattern of excessive force by City of Houston Police Officers, and they were aware that the Agency's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

78. At all times relevant to this complaint, defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, Doe No.2 Houston Police Officers of Houston Police Department of the City of Houston were acting under the direction and control of defendants McClellan Jr. and the City of Houston, and were acting pursuant to the official policy, practice, or custom of the City of Houston.

79. Acting under color of law and pursuant to official policy, practice, or custom, defendant McClellan and the City of Houston intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez , Doe No. 1, Doe No.2 in their duties to refrain from unlawfully and maliciously assaulting and cavity searching citizens and otherwise using unreasonable and excessive force before, during, or after the making of an arrest.

80. Acting under color of law and pursuant to official policy, practice, or custom, defendants McClellan and the City of Houston intentionally, knowingly, and recklessly failed to instruct, train, and supervise defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, Doe No.2 on a continuing basis in the correct procedure for making an arrest, for securing a prisoner who has been subdued and handcuffed, and for the proper use of a cavity search

81. Defendant Steven McCraw and the Department of Public Safety had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant Steven McCraw and the Department of Public Safety had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.

82. Defendant McClelland and the City of Houston, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez, Doe No. 1, and Doe No.2 heretofore described.

83. As a direct and proximate result of the acts of defendant McClellan and the City of Houston as set forth herein, plaintiff suffered physical injury, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

84. The acts of defendant McClellan Jr. and The Coty of Houston as set forth above were wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## JURY DEMAND

85. Plaintifs respectfully request trial by jury.

## PRAYER

WHEREFORE, plaintiff respectfully prays judgment as follows:

86. For compensatory damages against all defendants in an amount proved at trial;

87. For exemplary and punitive damages against defendants L.D. Smith, Sergeant Ford, Sergeant Seales, M.J. Glover, F.A. Medina, E. Martinez , Doe No. 1, Doe No.2, Charles McLellan Jr. and The City of Houston in an amount to be proven at trial;

88. For costs of suit herein, including plaintiff's reasonable attorney's fees; and

89. For such other and further relief as the court deems proper.

Respectfully submitted,

Booker Law Firm
4801 Woodway, Suite 300E
Houston, Texas 77056
T: 713-292-2225
F: 713-583-3995


*By: //Allie R. Booker//*
Allie R. Booker
SBN: 24071071
FBN: 1089873
LEAD COUNSEL FOR
Steven Charlot



Law Office of Joseph K. Plumbar
4101 Greenbriar, Suite 316
Houston, Texas 77098
T: 713-384-5507
F: 866-252-3048

*By: //Joseph K. Plumbar//*
Joseph K. Plumbar
SBN: 24062331
FBN: 1493814
CO-COUNSEL FOR
Steven Charlot